UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cynthia Rollo-Carlson, as trustee for Jeremiah Flackus-Carlson, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>United States of America,<br><br>   Defendant. | File No. 18-cv-02842 (ECT/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

Brian Lewis, Francis White Law, Woodbury, MN, for plaintiff Cynthia Rollo-Carlson.

Ana Voss, Erica MacDonald, United States Attorney's Office, Minneapolis, MN, for defendant the United States of America.

---

  Jeremiah Flackus-Carlson ("Jeremiah"), a veteran of the United States Army, died from an opiate overdose in October 2015. In this case, Jeremiah's mother, Plaintiff Cynthia Rollo-Carlson ("Cynthia"), asserts a claim under the Federal Tort Claims Act ("FTCA") alleging that Jeremiah's death resulted from negligent psychiatric care provided by the Department of Veterans Affairs ("the VA") through the VA Health Care System in St. Cloud, Minnesota. The Government seeks dismissal for lack of subject-matter jurisdiction because, it says, evidence of Cynthia's authority to act as trustee for the claim was not administratively presented to the VA as required by the FTCA. The requirement to present this evidence is jurisdictional, *Mader v. United States*, 654 F.3d 794 (8th Cir. 2011) (en banc), and because it was not met in this case, the Government's motion must be granted.

I

The FTCA is "a limited waiver of the United States's sovereign immunity" that allows "persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (citing *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 304 (1992)). Federal courts have exclusive jurisdiction over claims for "death caused by the negligent or wrongful act or omission" of federal employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see id.* § 2674. Here, the parties agree that "the law of the place where the act or omission occurred" is Minnesota's wrongful-death statute, Minn. Stat. § 573.02.

Though the FTCA incorporates state law to determine the Government's liability, federal law governs the federal courts' adjudicatory capacity over such claims. *See Goodman v. United States*, 2 F.3d 291, 292 (8th Cir. 1993) ("In this FTCA case, we are, of course, bound to apply the law of the state in which the acts complained of occurred." (citation omitted)); *Mader*, 654 F.3d at 797 (discussing "the FTCA's liability and jurisdiction-conferring language" that gives federal courts exclusive jurisdiction). On that front, the FTCA requires "complete exhaustion of [administrative] remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). An FTCA lawsuit "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or the agency shall have failed "to make final disposition of a claim

within six months after it is filed." 28 U.S.C. § 2675(a).  The FTCA itself does not identify explicitly what particular information must be submitted to satisfy the presentment requirement of 28 U.S.C. § 2675(a).  *See Mader*, 654 F.3d at 798.  A regulation promulgated by the Attorney General under authority of the FTCA provides guidance.  *Id.* (citing 28 C.F.R. § 14.2).  The regulation identifies three components of presentment: (1) "an executed Standard Form 95 or other written notification of an incident"; (2) "a claim for money damages in a sum certain"; and (3) "the title or legal capacity of the person signing . . . accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R § 14.2(a).

In *Mader*, our Eighth Circuit Court of Appeals, sitting en banc, addressed the evidence-of-authority requirement and held that federal courts lack subject-matter jurisdiction over FTCA suits unless the claim presented to the agency includes evidence of the claimant's authority to act on behalf of a claim's beneficiaries.  654 F.3d at 801 ("[Section] 2675(a) requires the presentment of evidence of a personal representative's authority to act on behalf of a claim's beneficiaries, something totally essential to meaningful agency consideration."), 805 ("We have long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." (citations omitted)).

Determining what constitutes evidence of authority to act on behalf of a claim's beneficiaries requires examining the law under which the claimant purports to have "authority to act."  *See Mader*, 654 F.3d at 801–02 (reviewing Nebraska law to conclude

3

"Mader lacked the requisite authority to file a claim with the VA or to file a wrongful death action against the United States in federal district court"). Here, Cynthia asserts that she has authority to act by virtue of her appointment as trustee pursuant to Minnesota's wrongful-death statute, Minn. Stat. § 573.02. *See* Compl. ¶ 17 [ECF No. 1]. That statute says that only a trustee, "appointed as provided in subdivision 3," may maintain a wrongful-death action. Minn. Stat. § 573.02, subd. 1. Subdivision 3, in turn, provides:

> Subd. 3. **Trustee for action.** Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties shall file a consent and oath. Before receiving any money, the trustee shall file a bond as security therefor in such form and with such sureties as the court may require.

Minn. Stat. § 573.02, subd. 3. The Minnesota Supreme Court has held that "next of kin" means "blood relatives who are members of the class from which beneficiaries may be chosen under the intestacy statute"—*i.e.*, those persons in the set created by Minn. Stat. § 524.2-103(2), not merely those who would actually recover at the moment of intestacy. *Wynkoop v. Carpenter*, 574 N.W.2d 422, 426–27 (Minn. 1998) (en banc) (citation omitted) ("[W]e concluded [in *Martz v. Revier*, 170 N.W.2d 83, 87 (Minn. 1969)] that a deceased child's siblings could recover under the wrongful death statute even though they would not have been . . . beneficiaries under the intestacy statute because [the] father was still living.").

4

To summarize, subject-matter jurisdiction exists over Cynthia's FTCA claim here if and only if: (1) she obtained authority to act on behalf of the asserted claim's beneficiaries by being appointed as trustee under Minnesota's wrongful-death statute; (2) she timely presented evidence of that authority to the Department of Veterans Affairs before commencing this action; and (3) the VA either denied the claim in writing or failed to make final disposition of the claim within six months after it was filed.

II

A

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Id.* at 729 n.6 (citations omitted). "In a facial attack, the court merely needs to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (alteration, citation, and internal quotation marks omitted). "Conversely, in a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *Id.* at 914–15 (alteration, citation, and internal quotation marks omitted).

Here, a facial attack might have been appropriate because Cynthia's complaint creates serious doubt regarding her compliance with the FTCA's presentment requirement. The complaint pleads in one paragraph that the requirement was satisfied: "Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims made herein were filed with and presented

administratively to the Defendant's agency, the Department of Veterans Affairs, on September 5, 2017." Compl. ¶ 9. Several paragraphs later, however, the complaint alleges that Cynthia was appointed trustee under Minnesota's wrongful-death statute on "October 2, 2018." Compl. ¶ 17. The complaint in this case was filed the very next day, on October 3, 2018. *Id.* at 27. If October 2, 2018, was the first day of Cynthia's appointment as trustee—in other words, if she never had been appointed as trustee under Minnesota's wrongful-death statute on some earlier date—then it would seem the one day between her appointment and the filing of this case could not have left enough time to present evidence of her authority as trustee to the VA and to permit the VA to consider and issue a final denial of the claim. This chronology plainly could not have resulted in a situation where the VA failed "to make final disposition of a claim within six months after it is filed." 28 U.S.C. § 2675(a).

Regardless of the potential for a facial attack, the United States characterizes its motion as a factual attack on subject-matter jurisdiction. Mem. in Supp. at 4 [ECF No. 9] ("This is a factual challenge to the jurisdiction of the Court to hear this claim."). It contends that Plaintiff failed in fact to present her claim because she failed to submit evidence to the VA of her authority as trustee. *Id.* at 6–10. In this procedural posture, a plaintiff does "not enjoy the benefit of the allegations in its pleadings being accepted as true." *Branson Label*, 793 F.3d at 915 (citation omitted). Instead, materials beyond the four corners of the complaint will be assessed to verify whether the presentment requirement was actually satisfied. *See Osborn*, 918 F.2d at 730 ("[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . and the existence of

6

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))); *see also Harris v. United States*, No. 18-0424-CV-W-BP, 2018 WL 5726212, at *2 (W.D. Mo. Nov. 1, 2018) ("[T]he Court can consider the SF-95 . . . when determining whether Plaintiff properly presented the claim.").

The Parties' submissions establish that Plaintiff failed to present evidence of her authority to act on behalf of the asserted claim's beneficiaries to the VA as required by 28 U.S.C. § 2675(a). Before filing this action, Cynthia and her husband timely submitted a Standard Form 95 ("SF-95") to the VA on September 5, 2017. Crewe-Allen Decl. ¶ 4 [ECF No. 10]; *id.*, Ex. 1 ("SF-95") at 1 [ECF No. 10-1]; *see* 28 U.S.C. § 2401(b). The SF-95 identified the "claimant" as "Cynthia and Doug Carlson (Rep. by Brian K. Lewis, Esq.)," and described the nature of their claim as wrongful death due to medical malpractice. *See* SF-95 at 1. They identified $10 million as the value of their claim. *Id.* The form was signed by Brian Lewis ("Lewis"), their attorney both then and now. *Id.* Attached to the form was a letter from Lewis, along with a copy of his "Letter of Representation," verifying that he was "retained to prosecute Mr. & Mrs. Douglas Carlson's claim for the wrongful death of their son." *Id.* at 3. It is undisputed that proof of Cynthia's appointment as trustee was not presented to the VA at that time. *See* Mem. in Opp'n at 2 [ECF No. 15] ("Subsequent to the denial of the administrative claim, the Plaintiff sought, and was granted by the Minnesota court, appointment as the trustee of the decedent in order to bring the wrongful death action."). Again, assuming October 2, 2018, was the first day of Cynthia's appointment as trustee, it would have been impossible for

her or anyone acting on her behalf to present that evidence with the SF-95 claim form when it was submitted to the VA almost a year prior on September 5, 2017.

The VA acknowledged receipt of the SF-95 form the next month. *See* Mem. in Opp'n, Ex. 1 [ECF No. 15-2]. The VA requested a variety of documentation, including medical records and income records, but did not request proof of Cynthia's status as trustee. *See id.* at 1–2; *cf.* Mem. in Opp'n at 2 ("During the administrative claim process, no issues were raised by the Defendant regarding presentment."). The VA's correspondence, however, warned: "[a] combination of Federal and state laws govern FTCA claims; some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the Federal government, and cannot provide legal advice on state or Federal law or on filing requirements." Mem. in Opp'n, Ex. 1, at 2.

On April 12, 2018, a little more than seven months after filing the SF-95, Cynthia and her husband filed a complaint in this judicial district asserting an FTCA claim arising from Jeremiah's death. That case was assigned file number 18-cv-00996 (WMW/LIB). Before the Government answered, however, the case was dismissed voluntarily under Federal Rule of Civil Procedure 41(a)(1)(A)(i). On October 2, 2018, Cynthia was appointed trustee by the Benton County District Court. Compl., Ex. 1 [ECF No. 1-1]; *see* Minn. Stat. § 573.02, subds. 1, 3; Compl. ¶ 17. As described earlier, this lawsuit was filed the very next day with Cynthia as the only plaintiff.

To summarize, though Cynthia obtained authority to act on behalf of the asserted claim's beneficiaries by obtaining appointment as trustee under Minnesota's wrongful-death statute, the allegations of the complaint and the evidence submitted by the

8

parties show that she did not timely present evidence of that authority to the VA before commencing this action. As a result, under 28 U.S.C. § 2675(a) and the Eighth Circuit's interpretation of that statute in *Mader*, subject-matter jurisdiction does not exist over this case.

B

Plaintiff asserts essentially four arguments to distinguish this case from *Mader*, but the law does not support these arguments. First, Plaintiff says that under the Minnesota Tort Claims Act ("MTCA"), Minn. Stat. § 3.736, "the administrative claim 'may be presented by the . . . next of kin,'" and that "[i]t is not until an action is commenced that a trustee must be appointed." Mem. in Opp'n at 3. Plaintiff argues that the FTCA should be interpreted in line with the MTCA not to require evidence of authority beyond a next-of-kin relationship at the administrative-presentment stage. *Id.* Assuming Plaintiff's interpretation of the MTCA is correct, this argument nonetheless misapprehends the interaction of federal and state law in FTCA cases generally and in this case in particular. *See* Reply Mem. at 3–4 [ECF No. 16]. The FTCA requires presentment of evidence of authority to act on behalf of a claim's beneficiaries, and determining what constitutes evidence of authority in this context requires examining the law under which the claimant purports to have obtained "authority to act." *See Mader*, 654 F.3d at 801–02. Cynthia does not contend that she obtained authority to act under the MTCA. (It would not make sense for her to have sought authority under the MTCA because that statute authorizes tort claims against the state, and Cynthia asserts no claim against the state.) As explained earlier, Cynthia maintains that she has authority to act by virtue of her appointment as trustee

9

pursuant to Minnesota's wrongful-death statute because that is the "law of the place where the act or omission occurred" that would have determined the liability of the United States if this case were to proceed. 28 U.S.C. § 1346(b)(1); *see id.* § 2674. Minnesota's wrongful-death statute says that only a trustee, "appointed as provided in subdivision 3," may maintain a wrongful-death action. Minn. Stat. § 573.02, subd. 1. Though it is clear that possessing a next-of-kin relationship to the decedent would make one eligible under subdivision 3 of the statute to seek appointment as trustee, it is just as clear that possessing a next-of-kin relationship alone is not enough to authorize an individual to prosecute a claim. *See id.*, subd. 3. For these same reasons, Plaintiff's request that "this Court certify the question [to the Minnesota Supreme Court] of whether or not the appointment of a trustee is necessary at the administrative claim stage in order to satisfy presentment issues" will be denied. *See* Mem. in Opp'n at 6 (citing Minn. Stat. § 480.065).

Second, Plaintiff argues that the VA had actual notice of her status as next of kin because it granted her application for Jeremiah's burial benefits, responded to her request for his medical records, and possessed a copy of Jeremiah's death certificate listing him as single and never married. Mem. in Opp'n at 4–5; *see id.*, Exs. 2–8. The notice Plaintiff describes is not the evidence of authority required by the FTCA. As explained earlier, a decedent's surviving parent is not automatically appointed trustee under Minnesota's wrongful-death statute. *See* Minn. Stat. § 573.02, subd. 3 ("Upon written petition by the surviving spouse or one of the next of kin, the court . . . shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein."). Though the "written petition" for appointment of a trustee must be

10

filed by the surviving spouse or one of the next of kin, the statute permits appointment of any "suitable and competent person" to serve as trustee. *Id.* In other words, notifying the VA that an individual is a decedent's parent or other next of kin does not tell the VA that individual has authority to prosecute a claim under Minnesota's wrongful-death statute. Plaintiff does not identify—and cites no authority that might justify attempting to fashion—an exception to the FTCA's presentment requirement. *See Runs After v. United States*, 511 F. App'x 596, 597 (8th Cir. 2013) (per curiam) ("Because providing evidence to satisfy the presentment requirement is far from burdensome, and [plaintiff] presents no authority for this court to create an extenuating circumstances exception, we decline to create one here." (alteration, citation, and internal quotation marks omitted)); *see also Runs After v. United States*, No. Civ 10-3019-RAL, 2012 WL 2951556, at *6 (D.S.D. July 19, 2012) ("There is nothing in . . . *Mader* to suggest that an effort by an FTCA claimant that falls short of providing proof of representative authority . . . is sufficient to avoid dismissal."), *aff'd*, 511 F. App'x 596.

Third, Plaintiff cites a case from another district within the Eighth Circuit, *Dobrinska v. United States*, No. 3:11-cv-3015, 2012 WL 113037 (W.D. Ark. Jan. 13, 2012), that she says declined to follow *Mader*. Mem. in Opp'n at 4 n.17. Plaintiff suggests that here, as in *Dobrinska*, *Mader* need not be followed or applied to result in the dismissal of her claim. *Id.* at 4. In *Dobrinska*, the court cited *Farmers State Savings Bank v. Farmers Home Administration*, 866 F.2d 276 (8th Cir. 1989), for the rule that there is a two-part "minimal notice requirement" under the FTCA that includes merely written notice of (1) the alleged claim and (2) the alleged value of the claim. *Id.* at *2. It held that the

plaintiff, Dobrinska, satisfied that minimal requirement when her automobile-insurance carrier submitted correspondence to a federal agency describing Dobrinska's claim. *Id.* at *3. *Dobrinska* is distinguishable because it did not address the primary issue in this case—*i.e.*, whether an FTCA plaintiff had presented evidence of her authority to pursue a claim. Further, the case that *Dobrinska* cites for the rule that the FTCA has a "minimal notice requirement" (*Farmers*) was abrogated by *Mader*. *Id.* at *2–3; *see Mader*, 654 F.3d at 799–800.

Finally, Plaintiff argues that the Government is precluded by principles of collateral and judicial estoppel from challenging her failure to satisfy the FTCA's presentment requirement in this case because the VA purportedly denied her claim on other grounds during the administrative process. Mem. in Opp'n at 7–8. For collateral estoppel (or issue preclusion) to apply, an issue at least must have been decided in a prior proceeding. *See, e.g.*, *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015). Similarly, before judicial estoppel can apply, the party against whom it is sought at least must have taken a position in an earlier proceeding. *See Amtrust Inc. v. Larson*, 388 F.3d 594, 600–01 (8th Cir. 2004). Here, the VA did neither. It never decided that Plaintiff's evidence of authority was sufficient (or, for that matter, insufficient). The VA issued a written denial of the claim simply because Plaintiff "filed suit," making the claim, in its judgment, "not amenable to administrative resolution." Crewe-Allen Decl., Ex. 2 [ECF No. 10-2]. There is similarly no evidence that the VA ever asserted as a position or admitted in a proceeding that Plaintiff's evidence of authority was sufficient.

C

Cynthia's complaint contains detailed and unsettling allegations describing Jeremiah's military service, trauma he experienced while serving in the military, his health conditions, his treatment with the VA, and his death. *See* Compl. ¶¶ 18–211. These allegations likely would bear on the merits of Cynthia's claim under the FTCA that Jeremiah "died as a result of negligent, substandard, and inadequate psychiatric care by the [VA]." Compl. ¶ 213. But the Government's motion to dismiss for lack of subject-matter jurisdiction does not implicate the merits of Cynthia's claim. Rather, the Government challenges only Cynthia's compliance with the FTCA's presentment requirement. Mem. in Supp. at 1. With respect to that issue, it is not enough that evidence of Cynthia's relationship with Jeremiah or Lewis's authority as counsel were presented to the VA. To satisfy the FTCA's presentment requirement, the law is clear that Plaintiff was required to submit to the VA evidence of her authority under Minnesota law to act on behalf of the claim's beneficiaries before commencing this action. *Mader*, 654 F.3d at 801–02. And the evidence is clear that Plaintiff did not meet this requirement. Therefore, no subject-matter jurisdiction exists over this suit.

D

Although the Government seeks dismissal with prejudice, *see* Proposed Order [ECF No. 12], dismissal for lack of subject-matter jurisdiction is ordinarily without prejudice, *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (collecting cases) (modifying a district court's dismissal of an FTCA claim for lack of subject-matter jurisdiction to be without prejudice). "[A] court that lacks personal or subject-matter jurisdiction does not

have power to enter *any* kind of a judgment—summary or otherwise." *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1012 (D. Minn. 2008) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2713 at 239 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.")). "That is why a dismissal for lack of personal or subject-matter jurisdiction is always without prejudice; such a dismissal implies nothing about the merits of the dismissed claims because the court is not empowered to address the merits of the dispute." *Pope*, 588 F. Supp. 2d at 1012. Accordingly, this case will be dismissed without prejudice for lack of subject-matter jurisdiction.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The Government's Motion to Dismiss [ECF No. 7] is **GRANTED**.

2. Plaintiff's action is hereby **DISMISSED WITHOUT PREJUDICE** in its entirety with each party to bear its own costs and attorney fees in connection with such claims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 18, 2019              s/ Eric C. Tostrud
                                                           Eric C. Tostrud
                                                           United States District Court